UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE AARON, et al.,

    Plaintiffs,

v.                                          Case No.:  8:09-CV-2493-T-23AEP

THE TRUMP ORGANIZATION, INC., et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendants, The Trump Organization, Inc. and Donald J. Trump's (collectively "Defendants") **Motion and Supporting Memorandum for Severance or, in the Alternative, for Separate Trials** (Dkt. No. 28) filed on September 23, 2010.[1]  Plaintiffs filed a response in opposition (Dkt. No. 32) on October 15, 2010.  For the reasons set forth below, the Court recommends that Defendants' Motion be denied.

**I. Background**

This action arises out of the development of the Trump Tower Tampa (the "Trump Tower"), a proposed high-rise condominium tower that was to be constructed in downtown Tampa.  The project was to be developed by SimDag-RoBEL, LLC, a local Tampa Bay developer.  (Dkt. No. 19 ¶ 15.)  In their Amended Complaint, Plaintiffs allege that Defendants "made numerous material representations through promotional materials, websites, and

---

[1] Defendants' Motion for Severance, or in the Alternative, for Separate Trials (Dkt. No. 28) was referred to the undersigned by the Honorable Steven D. Merryday for a report and recommendation.  (Dkt. No. 33.)

statements to media (both print and television media) that held themselves out as a developer and partner in Trump Tower development and that the Defendants had a substantial financial stake in the development." (*Id*. ¶ 17.) All 52 Plaintiffs contend that "in reliance on the Defendants' material representations, [they] entered into agreements for the purchase of condominium units in Trump Tower and paid millions of dollars in deposits to secure their units." (*Id*. ¶ 18.) Construction of the Trump Tower, however, was never completed. (*Id*. ¶ 19.) Thereafter, Plaintiffs discovered "that contrary to the representations made by Defendants, neither Trump nor Trump Co. had an interest in the property or SimDag, and the Defendants participated in the development only through the licensing of the 'Trump' name." (*Id*. ¶ 20.)

Thus, Plaintiffs have sued Defendants pursuant to the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1703(a)(2), alleging that Defendants made numerous material representations in order to induce Plaintiffs to enter into the purchase agreements, including "(a) that all of the Defendants were partners and joint developers in the Trump Tower development; (b) that Trump possessed a substantial ownership interest in the development; and (c) that the Trump Tower would be completed and the condominium units would be delivered to Plaintiffs no later than December 31, 2008." (Dkt. No. 19 ¶ 35.)[2] Additionally, Plaintiffs have brought common law claims for negligent misrepresentation, fraudulent misrepresentation, and information negligently supplied. (*See* Dkt. No. 19.)

---

[2] In their Motion, Defendants state that Plaintiffs were able to recover 50% of their deposit from SimDag, and are now attempting to recover the remaining 50% from Defendants. (*See* Dkt. No. 28 at 1-2.)

By the instant Motion, Defendants move the Court to sever the claims of the 52 individual Plaintiffs on the basis that "the facts and circumstances relevant to an adjudication of the claims will be unique for each Plaintiff." (Dkt. No. 28 at 2.) Defendants allege that Plaintiffs' claims require each Plaintiff to establish that he/she received and reviewed Defendants' representations, that the representations were false and were viewed prior to executing the purchase agreements, that the statements were material to each Plaintiff's decision to execute a purchase agreement, and that each Plaintiff relied on the statements. (*Id*. at 4.) Defendants contend that "[t]he Court must hear separate proof on the issues of reliance, the representations themselves, and the individual impressions created by these representations" and therefore, "the claims here fail to satisfy the joinder requirements of Rule 20." (*Id*. at 11.) Thus, Defendants argue that the Court should sever the claims of the individual Plaintiffs pursuant to Rule 21 of the Federal Rules of Civil Procedure.

Alternatively, Defendants argue that the Court should order separate trials of each Plaintiff's claim pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. In support, Defendants state that "[s]ubmitting the claims to the jury en masse, each with its own unique set of facts and circumstances, will certainly overwhelm and confuse the jury" depriving Defendants of a fair and impartial trial. (*Id*. at 11-12.)

**II. Analysis**

Federal Rule of Civil Procedure 21 "authorizes a court to dismiss any misjoined party or claim at any state of the lawsuit." *Acciard v. Whitney*, No. 2:07-cv-476-UA-DNF, 2008 WL 5120820, at *1 (M.D. Fla. Dec. 4, 2008) (internal citations and quotations omitted). "Courts are given discretion to decide the scope of the civil action and to make such orders as will prevent

3

delay or prejudice." *Id*. (internal citations and quotations omitted). Misjoinder occurs when a party fails to satisfy the conditions of Federal Rule of Civil Procedure 20(a). *See id*.

Rule 20(a) states in pertinent part that a court may allow the permissive joinder of parties by a plaintiff if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Thus, "[a] party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000) (*overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003)). "Transaction" for purposes of Rule 20 "is a word of flexible meaning." *Id*. "[A]ll logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id*. (citations and quotations omitted). As to the second requirement of Rule 20, it "does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties." *Id*. at 1324.

Finally, the Court is mindful that the purpose of Rule 20 is "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Id*. Thus, the Court is allowed a "liberal approach to permissive joinder of claims *and* parties in the interest of judicial economy." *Id*.

In the instant case, Plaintiffs allege that they have all been injured as a result of Defendants' material omission, namely the secret confidential licensing agreement under which Defendants had no financial responsibility or ownership of the project and could pull their name from the project. (Dkt. No. 32 ¶ 6.) Plaintiffs also allege that the facts concerning the fraudulent and misleading representations and omissions are the same and arise from the same publications, advertisements, press conferences, meetings, and videos disseminated to promote the Trump Tower. (*Id.* ¶ 13.) Thus, Plaintiffs' claims arise from the same transaction or occurrence, the omission of Defendants' actual role in the project. Further, Defendants' allegedly fraudulent and misleading conduct is common to all of Plaintiffs' claims. *See, e.g.*, *Alexander*, 207 F.3d at 1324 ("As for the second requirement, the discriminatory character of Defendants' conduct is plainly common to each plaintiff's recovery."). The Court also notes that judicial economy will be served by allowing the joinder of the claims and parties. Denying Plaintiffs the opportunity to proceed collectively at this time would result in added time and delay, the filing of duplicitous suits, and duplicative discovery. Accordingly, the Court recommends that Defendants' Motion for Severance be denied. *See Slayter v. DC 701, LLC*, No. 8:07-cv-1903-T-24-EAJ, 2008 WL 2695645, at *2 (M.D. Fla. July 3, 2008) ("The Court concludes that severance is inappropriate because Plaintiffs' claim involve the same allegedly fraudulent scheme, which was premised on identical misrepresentations by Defendants that gave rise to identical claims. Each Plaintiff allegedly fell victim to a common scheme in which Defendants sold them an identical security interest in the same overvalued real estate development.").

Alternatively, Defendants argue that even if Plaintiffs are properly joined, the Court should order separate trials under Rule 42(b) of the Federal Rules of Civil Procedure to avoid prejudice. Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Thus, Rule 42(b) "requires the district court to balance considerations of convenience, economy, expedition, and prejudice" and the decision to order separate trials "naturally depends on the peculiar facts and circumstances of each case." *Alexander*, 207 F.3d at 1325.

Defendants argue that "allowing the Plaintiffs' claims to be tried together most certainly will deprive the Defendants of a fair and impartial trial." (Dkt. No. 28 at 11.) Specifically, Defendants contend that the jury will be confused and overwhelmed if required to "keep track of the unique facts and circumstances of all 52 Plaintiffs." (*Id*. at 12.) While the Court acknowledges the potential for prejudice due to the large number of Plaintiffs, the Court concludes that it is inappropriate to address Defendants' request for separate trials at this early stage of the litigation. Rather, the Court finds it more appropriate to address this issue at the close of discovery. Accordingly, the Court recommends that Plaintiff's Motion for Separate Trials be denied without prejudice, with leave to re-file after the close of discovery.

### III. Conclusion

Based on the foregoing reasons, it is hereby **RECOMMENDED** that Defendants' Motion for Severance or, in the Alternative, for Separate Trials (Dkt. No. 28) be **DENIED** as provided herein.

**IT IS SO REPORTED** in Tampa, Florida, this 12th day of November, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Hon. Steven D. Merryday
Counsel of Record